# IN THE COURT OF APPEALS OF IOWA

―――――――――――

No. 25-1135
Filed July 22, 2026

―――――――――――

**State of Iowa,**
Plaintiff–Appellee,
v.
**Johnquavius Antoine Jones,**
Defendant–Appellant.

―――――――――――

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Joel A. Dalrymple, Judge.

―――――――――――

**AFFIRMED**

―――――――――――

Katherine R.J. Scott of New Point Law Firm, PLC, Ames,
attorney for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, attorneys for appellee.

―――――――――――

Considered without oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Sandy, J.

**SANDY, Judge.**

A jury found Johnquavius Jones guilty of domestic abuse assault causing bodily injury. He does not dispute that he struck his romantic partner, S.B., with a metal dish rack and injured her; he disputes only that the assault was domestic—that is, that he and S.B. were cohabiting. He contends the jury's finding of a domestic relationship was contrary to the weight of the evidence and that the district court abused its discretion in denying his motion for new trial. Because the district court applied the correct standard and the record contains substantial evidence of cohabitation, we affirm.

## BACKGROUND FACTS & PROCEEDINGS

On April 8, 2023, S.B. and Jones argued at S.B.'s residence in Waterloo, into which S.B. had moved with her three children roughly a week earlier. Two of the children are not Jones's; S.B. was pregnant with the third, whom she and Jones share. Earlier that day, Jones had left his own children in S.B.'s care, and the two argued by phone and text throughout the day about that arrangement. S.B. ultimately met the children's mother and returned the children to her.

When Jones came to the residence that night, the argument resumed and escalated. Jones gathered his belongings into bags as the two disputed the pregnancy and their relationship. Anticipating that the argument might turn physical—as S.B. testified prior encounters with Jones had—S.B. began recording on her phone. As Jones was leaving, S.B. asked him for a key; Jones then took a metal dish rack and struck her with it while her two older children were asleep in the home. One of the children called 911 at S.B.'s direction. S.B. reported the assault to the dispatcher and identified Jones. S.B. sustained bodily injuries, which were documented in photographic exhibits. Jones left the residence after the assault.

2

The parties did not seriously dispute that Jones struck S.B. with the dish rack and caused her bodily injury. The disputed question at trial was whether the assault was "domestic"—that is, whether Jones and S.B. were "family or household members." *See* Iowa Code §§ 236.2(2)(a), (d), 708.2A (2023). The State's theory was that the two were cohabiting. The State's evidence on this point came principally from S.B. She testified that Jones moved in with her at a prior residence on Locust Street in late November 2022; he kept clothes there, spent every night, and shared her bedroom; the two had a sexual relationship and a child together; Jones helped with expenses, "[m]ostly the rent"; they were engaged; and both moved in together at the new West Third Street residence about a week before the assault. S.B. acknowledged on direct examination that Jones received mail at a separate address—his grandparents' home in Waterloo—rather than at the residence she shared with him.

On cross-examination, the defense challenged S.B.'s account of whether Jones had a key to the West Third Street residence. S.B. testified on direct examination that both she and Jones had keys. On cross-examination, she initially maintained that Jones "used his key" to enter and denied having told police that Jones had to knock. After a recess during which she reviewed a recording of her statement to police, S.B. agreed that Jones had knocked on the door to get in. She did not, however, testify that Jones lacked a key.

The State also called J.J.—S.B.'s brother's boyfriend—as a rebuttal witness. He testified that Jones lived with S.B. at the Locust Street residence, kept personal belongings there, shared a bedroom with S.B., and that he had helped both of them move to the West Third Street residence understanding that both would live there. On cross-examination, defense counsel elicited that this witness had not been sequestered, confirmed he had heard S.B.'s

earlier testimony, and pressed his relationship to S.B.'s family. Asked whether Jones had a key, the witness testified that Jones "did have a key from what I believe."

Jones testified in his own defense and disputed the State's account of the relationship. He testified that he and S.B. were not together on April 8, 2023, and had never been engaged; that he was living with his mother, having paroled first to a girlfriend's home in October 2022 and then listing his mother's address around January 2023; that he received mail at his mother's and grandparents' addresses; that he did not have a key to the West Third Street residence and had never moved belongings in; and that he did not pay S.B.'s bills, though he acknowledged giving her money when asked. Jones acknowledged a past relationship with S.B. and that he was among a number of men S.B. saw, but he denied any committed relationship as of April 2023. He testified that he went to the residence that night believing he was picking up his own children, discovered they were gone, and was searching the house when S.B. grabbed him and demanded a key, prompting him to strike her.

The matter proceeded to a jury trial on the single count of domestic abuse assault causing bodily injury. The jury returned a verdict finding Jones guilty as charged. Following the verdict, Jones admitted to the sentencing enhancements—domestic abuse assault third or subsequent offense and habitual offender—based on two prior domestic-abuse-assault convictions and two prior felony convictions. He waived further trial on those issues. Jones filed a motion for new trial, asserting that the verdict was contrary to the law and the weight of the evidence. The district court heard the motion at the sentencing hearing in June 2025. The court identified the governing weight-of-the-evidence standard, recognized that a new trial is warranted only in the extraordinary case in which the evidence preponderates heavily

against the verdict, and concluded that the greater amount of credible evidence supported the jury's finding of a domestic relationship. The court denied Jones's motion.

The district court sentenced Jones to an indeterminate term of incarceration not to exceed fifteen years, with a three-year mandatory minimum, and committed him to the custody of the Iowa Department of Corrections. The court entered a no-contact order and imposed the domestic-abuse civil penalty, DNA profiling, and related conditions.

Jones appeals, contending that the greater weight of the evidence does not support the jury's conclusion that he was in a domestic relationship with S.B.

## STANDARD OF REVIEW

Review of the district court's denial of a new-trial motion on weight-of-the-evidence grounds is for abuse of discretion. *State v. Krogmann*, 998 N.W.2d 141, 150 (Iowa 2023). The defendant bears the burden to affirmatively establish an abuse of the district court's discretion. *State v. Orton*, 15 N.W.3d 784, 787 (Iowa Ct. App. 2024).

## DISCUSSION

Under Iowa Rule of Criminal Procedure 2.24(2)(b)(7), the court may grant a new trial "[w]hen the verdict is contrary to law or contrary to the weight of the evidence." Our supreme court has repeatedly explained the analytical differences between the acquittal motion's sufficiency test and the new trial motion's weight-of-the-evidence test. *See*, *e.g.*, *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016); *State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008); *State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006); *State v. Shanahan*,

712 N.W.2d 121, 135 (Iowa 2006); *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998).

In analyzing a challenge to the weight of the evidence on a motion for new trial, the district court considers the credibility of witnesses when weighing all the evidence. *State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003). "If the court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the verdict may be set aside and a new trial granted." *Ellis*, 578 N.W.2d at 658–59 (citation omitted). Our "appellate review is limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence." *Reeves*, 670 N.W.2d at 203. "This is a deferential standard," and the court "will not reverse the district court's ruling absent a 'clear and manifest abuse of discretion.'" *State v. Stendrup*, 983 N.W.2d 231, 246 (Iowa 2022) (citation omitted).

Jones contends the jury's finding of a domestic relationship was contrary to the weight of the evidence and that the district court abused its discretion in denying his motion for new trial. We disagree. The cohabitation factors ask about sexual relations while sharing living quarters, shared income or expenses, joint use of property, whether the parties hold themselves out as spouses, and the continuity and length of the relationship. *See State v. Kellogg*, 542 N.W.2d 514, 518 (Iowa 1996). S.B. testified to nearly all of them—that Jones moved in in November 2022, kept clothes there, slept there nightly, shared her bedroom and expenses, fathered the child she was carrying, was engaged to her, and moved with her to the new residence a week before the assault. J.J. corroborated the cohabitation and the shared move. Jones's denial did not compel the jury to find S.B. or J.J. not credible.

Jones's credibility arguments were answered by the jury when it weighed those matters. The jury was not required to reject testimony that corroborated S.B.'s testimony, and so, a reasonable fact finder could find a domestic relationship existed. Thus, the court reasonably determined the evidence did not preponderate heavily against the verdict. Finding no abuse of discretion, we affirm.

**AFFIRMED.**